IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BLEVY BUSTER GABBARD, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION NO.: 7:06-CV-37 (HL) |
| HALL COUNTY, GEORGIA | : | |
| Defendant. | : | **ORDER** |

Plaintiff **BLEVY BUSTER GABBARD**, an inmate at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil action in which he seeks to have this Court, pursuant to the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. §552 (a)), compel the Records Custodian of Hall County, Georgia to provide him with a copy of his arrest warrant and "sign in book [showing] when James Alexander came to visit [plaintiff] each day."

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means

by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIM

Plaintiff requests this Court to compel the Records Custodian of Hall County, Georgia to provide him with a copy of his arrest warrant and a copy of the "sign in book [showing] when James Alexander came to visit [plaintiff] each day."

Construing plaintiff's action as a mandamus, the Court notes that it has no authority to compel the Records Custodian of Hall County, Georgia to produce these documents. Federal mandamus is available only "to compel an officer or employee of the United States ... to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361. *See Ferguson v. Alabama Crim. Justice Info. Ctr*., 962 F. Supp. 1446 (M. D. Ala. 1997); *Noe v. Metropolitan Atlanta Rapid Transit Auth*., 485 F. Supp. 501 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.).

Moreover, the Freedom of Information Act and the Privacy Act (5 U.S.C. § 552 and 5 U.S.C. § 552 (a)) do not apply to state or local agencies. Both of these Acts apply only to federal agencies. *See Wright v. Curry,* 122 Fed. Appx. 724, 725 (5th Cir. 2004)(explaining that a state prisoner is not entitled to copies of records and transcripts from his state court criminal conviction under the Freedom of Information Act because this Act applies only to federal agencies); *Ferguson*, 962 F. Supp. at 1447. Therefore, the Court cannot, through these statutes, compel the Records Custodian of Hall County, Georgia to provide plaintiff with the documents he seeks

For these reason, plaintiff's action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 14th day of August, 2006.

            s/   Hugh Lawson
            HUGH LAWSON
            UNITED STATES DISTRICT JUDGE

lnb